IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
16TH JUDICIAL CIRCUIT
AT KANSAS CITY

| | |
|---|---|
| NHATHIYA T. CORNEY, ) | |
| ) | |
| And ) | |
| ) | |
| JENNIFER D. BEAIRD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| ANTHONY EBABEN ) | |
| 26850 Woodland Road ) | |
| Paola, KS 66071 ) | |
| ) | |
| And ) | |
| ) | |
| CHAD HALE TRUCKING CO., ) | |
| ) | |
| Serve at: ) | |
| 37225 W. 247TH Road ) | |
| Wellsville, KS 66092 ) | |
| Registered Agent: ) | |
| ) | |
| Defendants. ) | |

## CAUSE OF ACTION
## ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW the Plaintiffs, /Nhathiya T. Corney and Jennifer D. Beaird, by and through their attorneys of record, Brian J. Klopfenstein and Rebecca Randles, and for their cause of action state and allege as follows:

1

1. Plaintiffs have resided in Kansas City, MO for all times relevant to this cause of action. The address is in Kansas City, Clay County, Missouri. Plaintiff Jennifer Beaird was the owner of a dark blue 2018 Mazda CX3 which she was driving on March 26, 2020 at approximately 7:55 p.m. The Plaintiffs are related to each other in that Plaintiff Nhathiya T. Corney is the niece of Plaintiff Jennifer D. Beaird.

2. Defendant Anthony Ebaben is a truck driver who resides in Paola, KS.

3. Defendant Chad Hale Trucking Co. located at 37225 W 247th Road, Wellsville, KS 66092 is a trucking company whose principal business address is listed above. Defendant can be served by serving the registered agent identified above. Defendant trucking company hauls loads over a vast geographical area. The evening of the accident, Plaintiff alleges that Defendant Ebaben was driving to pick up a load for Defendant Chad Hale Trucking Co. Plaintiffs understand and allege that corporate officers came to the accident location after they learned that the accident occurred.

4. On or about March 16, 2020, Plaintiff Jennifer Beaird was driving her 2018 Mazda CX3, an automobile operating in a northerly direction on Interstate 35 and 29, over the Missouri River in Kansas City, Jackson County Missouri, approximately 1,320 feet south of the exit onto Front Street Both streets are public roadways in Kansas City, Jackson County, Missouri.

5. At that location, at approximately 7:45 p.m. Plaintiff's vehicle was in the far right lane going northbound on Interstate 35/29 highway. Plaintiff Beaird was preparing to exit the highway at the Front Street exit.

2

6. At the same time, in the same location, Defendant Ebaben was driving a 2012 International truck on Interstate 29/35 northbound in a lane just to the left of the lane that Plaintiff Beaird was driving.

7. Suddenly and without warning, Defendant Ebaben decided to change lanes and move into the same lane that Plaintiff Beaird occupied with her vehicle. Prior to attempting to change lanes, Defendant Ebaben did not signal a lane change or in any way attempt to warn Plaintiff that he was going to move his vehicle into the same lane she occupied.

8. As the Defendant Ebaben merged into the lane of traffic, his tractor trailer truck came into violent collision with Plaintiff's Mazda vehicle that was also on the highway. Defendant's truck came into contact with his right front fender and the entire left side of the automobile. Once the trator-trailer made contact with Plaintiff's vehicle, she was unable to disengage the automobile from the truck.

9. After the first contact, Plaintiff lost control of the vehicle and ended up having the entire left side of the car being pushed by the tractor-trailer for some distance. The cab and engine of the tractor-trailer was in contact with Plaintiff's driver's side door. After the automobile disengaged from the truck it was sent spinning across the highway. Plaintiff suffered damage across the entire left of the vehicle. After the automobile disengaged from the truck and came to rest facing westbound on Interstate 29/35.

10. After causing the accident the driver of the truck and Plaintiff stopped at the scene of the accident and waited for the police.

11. Plaintiff Nhathiya Corney suffered serious physical injuries requiring her to be transported by ambulance to the nearest hospital where she was treated by different medical

3

Case 4:20-cv-00820-HFS   Document 1-1   Filed 10/12/20   Page 3 of 12

specialists. Many of the injuries were severe and required immediate medical attention. The force and effect of the violent impact between the vehicles driven by Defendant's tractor trailer caused Plaintiff Nhathiya Corney to require medical attention and care for herself.

12. As a direct and proximate result of the Defendant's negligent acts, Plaintiff Corney suffered severe injuries including, but not limited to, low back strain, headaches, back pain, neck pain, and PTSD. Plaintiff Corney also needed physical therapy; but has been unable to get it. Plaintiff believes some of her injuries may be permanent and progressive.

13. Plaintiff Corney, currently still suffers from flashbacks, stomach aches, headaches, and other complications. She continues to have nightmares and pain when she has to drive on the highway and when she is an automobile around tractor trailers. As a result of her accident, Plaintiff suffered, in addition to the items listed pain and discomfort and it substantially interfered with his ability to participate in daily activities and interrupted an ability to enjoy her natural rest and sleep. Plaintiff Corney works at a day care center requiring her to lift babies which only adds more pain and suffering on her back.

14. As a direct result of Defendants' wrongful conduct, Plaintiff Corney has suffered and continues to suffer great pain of mind and body, physical and emotional injuries, shock, emotional distress, physical manifestations of emotional distress, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

15. Plaintiff Beaird believes her injuries include, but are not limited to, neck pain, a

concussion, shoulder injury; low back pain, headaches, and PTSD. Plaintiff just recently learned that she also has been diagnosed with scoliosis. As a direct result of Defendants' wrongful conduct, Plaintiff Beaird has suffered and continues to suffer great pain of mind and body, physical and emotional injuries, shock, emotional distress, physical manifestations of emotional distress, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT I
## PLAINTIFF CORNEY CAUSE OF ACTION AGAINST DEFENDANT EBABEN

16. Plaintiff restates and realleges, all allegations contained in the section entitled "Allegations Common to All Counts" as if fully set forth in Count I.

17. Defendant Ebaben caused, or contributed to cause, the collision aforementioned and was guilty of failure to exercise due care in the following particulars, to-wit:

a): In operating his tractor-trailer in a careless and negligent manner by failing to keep a proper and adequate lookout ahead and laterally for traffic, especially the vehicle driven by Plaintiff Beaird.

b): In operating his vehicle at a high, reckless, and dangerous rate of speed under the circumstances prevailing at the accident scene.

c): In carelessly and negligently failing to maintain his vehicle under proper control.

d): In operating his tractor-trailer into a lane change without adequately determining if he could make the lane change without incident.

18. As a direct result of Defendant Ebaben's wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, physical and emotional injuries, shock, emotional distress, physical manifestations of emotional distress, and loss of enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling..

WHEREFORE, Plaintiff prays judgment against Defendant Ebaben for a sum in excess of the jurisdictional amount determined by the Court and jury to be fair and reasonable for herself, for punitive damages, resulting from the personal injuries she sustained, and for her costs herein incurred and expended, and for such other relief as the Court and jury deems just and proper.

## COUNT II
## PLAINTIFF BEAIRD CAUSE OF ACTION AGAINST DEFENDANT EBABEN

19. Plaintiff restates and realleges, all allegations contained in the section entitled "Allegations Common to All Counts" as if fully set forth in Count II.

20. Plaintiff also restates and realleges all of the allegations contained in Count I of the petition as if fully set forth in Count II.

Electronically Filed - Jackson - Kansas City - August 21, 2020 - 02:54 PM

Case 4:20-cv-00820-HFS   Document 1-1   Filed 10/12/20   Page 6 of 12

Electronically Filed - Jackson - Kansas City - August 21, 2020 - 02:54 PM

21. Defendant Ebaben caused, or contributed to cause, the collision aforementioned and was guilty of failure to exercise the highest degree of care in the following particulars, to-wit:

a): In operating his tractor-trailer in a careless and negligent manner by failing to keep a proper and adequate lookout ahead and laterally for traffic, especially the vehicle driven by Plaintiff Beaird.

b): In operating his/his vehicle at a high, reckless, and dangerous rate of speed under the circumstances prevailing at the accident scene.

c): In carelessly and negligently failing to maintain his vehicle under proper control.

d): In operating his tractor-trailer into a lane change without adequately determining if he could make the lane change without incident.

22. As a direct result of Defendant Ebaben's wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, physical and emotional injuries, shock, emotional distress, physical manifestations of emotional distress, and loss of enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays judgment against Defendant Ebaben for a sum in excess of the jurisdictional amount determined by the Court and jury to be fair and reasonable for herself, for punitive damages, resulting from the personal injuries she sustained, and for her costs herein incurred and expended, and for such other relief as the Court and jury deems just and proper.

## COUNT III
## PLAINTIFFS' CAUSE OF ACTION AGAINST DEFENDANT
## CHAD HALE TRUCKING CO.
(Vicarious Liability)

23. Plaintiff restates and realleges, all allegations contained in the section entitled "Allegations Common to All Counts" as if fully set forth in Count III.

24. Plaintiff restates and realleges all of the allegations contained in counts I and II as if fully stated in Count III.

25. Defendant Chad Hale Trucking Co. hired Defendant Ebaben to pick up a load for it on the same date and time as the accident. Plaintiffs allege that Defendant Ebaben was an employee and/or agent of the Defendant Chad Hale Trucking Co when he was traveling on the highway regarding a load on behalf of Defendant Chad Hale Trucking.

26. Defendant Ebaben was acting within the course and scoe of his employment and/or agency at the time of the accident in question.

27. Defendant Ebaben caused, or contributed to cause, the collision aforementioned and was guilty of failure to exercise due care in the following particulars, to-wit:

a.): In operating his tractor-trailer in a careless and negligent manner by failing to keep a proper and adequate lookout ahead and laterally for traffic, especially the vehicle driven by Plaintiff Beaird.

b:): In operating his vehicle at a high, reckless, and dangerous rate of speed under the circumstances prevailing at the accident scene.

c:): In carelessly and negligently failing to maintain his vehicle under proper control.

d): In operating his tractor-trailer into a lane change without adequately determining

8

if he could make the lane change without incident.

28. As a direct and proximate result of the negligence of the Defendant Ebaben and Defendant Chad Hale Trucking Co., Plaintiff Corney suffered extensive injuries described in the section entitled "Allegations Common to All Counts." Plaintiff Corney states that some of her injuries continue to this date.

29. As a direct and proximate result of the negligence of the Defendant Ebaben and Defendant Chad Hale Trucking Co., Plaintiff Beaird suffered extensive injuries described in the section entitled "Allegations Common to All Counts." Plaintiff Beaird states that some of her injuries continue to this date.

30. At all times herein, defendant Hale was required to ensure that its drivers, including Defendant Ebaben was a safe, careful, and appropriate driver for the loads he was delivering for and behalf of Defendant Hale.

29. As a direct and proximate result of the negligence of the Defendant Ebaben and Defendant Chad Hale Trucking Co., Plaintiff Corney suffered extensive injuries described in the section entitled "Allegations Common to all Counts" Plaintiff states that some of her injuries continue to this date.

WHEREFORE, Plaintiffs prays judgment against Defendant for a sum in excess of Fifty Thousand Dollars ($50,000.00), as determined by the Court and jury to be fair and reasonable for herself, resulting from the personal injuries they sustained, and for their costs herein incurred and expended, and for such other relief as the Court and jury deems just and proper.

## COUNT IV
## **PLAINTIFFS' CAUSE OF ACTION AGAINST DEFENDANT CHAD HALE TRUCKING CO.**
## **Negligence)**

30. Plaintiff restates and realleges, all allegations contained in the section entitled "Allegations Common to All Counts" as if fully set forth in Count IV.

31. Defendant Chad Hale Trucking Co. hired Defendant Ebaben to pick up a load for it on the same date and time as the accident. Upon information and belief, Defendant Chad Hale Trucking was negligent in the following particulars:

    a). Negligently hiring Defendant Ebaben

    b.) Negligently supervising Defendant Ebaben;

    c.) Negligently retaining Defendant Ebaben;

    d.) Negligently entrusting Defendant Ebaben with the chattels involved in this matter;

    e.) Failing to appropriately train Defendant Ebaben;

    f.) Failing to take such measures required to control the actions of Defendant Ebaben.

32. As a direct result of Defendants' wrongful conduct, Plaintiffs suffered and continues to suffer great pain of mind and body, physical and emotional injuries, shock, emotional distress, physical manifestations of emotional distress, and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earnings capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment therapy, and counseling.

WHEREFORE, Plaintiff prays judgment against Defendant for a sum in excess of the jurisdictional amount, as determined by the Court and jury to be fair and reasonable for punitive damages, resulting from the personal injuries she sustained, and for her costs herein incurred and expended, and for such other relief as the Court and jury deems just and proper.

10

Case 4:20-cv-00820-HFS   Document 1-1   Filed 10/12/20   Page 10 of 12

Respectfully Submitted,

*/s/ Brian J. Klopfenstein*
BRIAN J. KLOPFENSTEIN #33722
305 Platte Clay Way, Suite C
Post Office Box 897
Kearney, MO 64060-0897
(816) 628-2800
(816) 628-2802 (FAX)
ATTORNEY FOR PLAINTIFFS


*/S/ Rebecca M. Randles*
REBECCA M. RANDLES #40149
851 N.W. 45th Street, Suite 310
Kansas City, MO +64116
(816) 931-9901
(816) 931-0134 (FAX)
E-mail:     rebecca@randlesmatalaw.com

# BRIAN J. KLOPFENSTEIN
## ATTORNEY AT LAW
215 S. Platte Clay Way, Suite B
Post Office Box 897
Kearney, MO 64060-0897
(816) 628-2800
(816) 628-2801 (FAX)
E-mail: bjkattorney@fairpoint.net

August 21, 2020

Department of Civil Process
Jackson County Courthouse

Re: Nhathiya T. Corney, et al. vs. Anthony Ebaben, et al.

Dear Clerk's Office:

I am filing the new case with the assumption that a civil circuit case with 2 defendants has a filing fee of $151.00. Both Defendants are out of state defendants so I will take care of contacting the Sheriff's Department where the Defendants reside for service. Thank you for your cooperation.

Very truly yours,

*Brian J. Klopfenstein*

Brian J. Klopfenstein

BJK:jw